# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MILFORD IVEY**                                                            **PLAINTIFF**

**v.**                                                  **No. 1:10CV165-A-S**

**TISHOMINGO COUNTY, MISSISSIPPI**                               **DEFENDANT**

## REPORT AND RECOMMENDATION

On October 6, 2010, plaintiff Milford Ivey, an inmate in the custody of the South Mississippi Correctional Institution with inmate number 76904, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Allegations

Ivey was incarcerated as a pretrial detainee in the Tishomingo County Jail for about twenty-one months beginning December 21, 2007. He eventually pled guilty to the charges of sexual battery and fondling. He alleges that he pled guilty under duress because he had a potentially fatal heart condition, and, although the defendant took him to four hospitals to receive treatment for that condition, the defendants would neither pay to have stents inserted to relieve arterial blockage nor release him so he could seek such treatment on his own. In addition, the

---

[1] 28 U.S.C. § 1915(g).

defendants would not pay for the medical treatment he did receive, instead insisting that he pay for his own treatment while incarcerated at the Tishomingo County Jail. Ivey further alleges that he did not have adequate time on the exercise yard (one hour per week, and sometimes more), despite doctor recommendations that he get plenty of walking exercise as part of his medical treatment. He did not allege that his health suffered as a result of his limited exercise.

Milford Ivey also believes that the law library at the jail was inadequate for his purposes. In addition, he alleges that the criminal defendants, including himself, who were denied bond and held in jail trial faced longer delays in getting to trial than those who were released on bond. Ivey also alleges that he was subjected to contempt and ridicule during his stay in jail. He alleges that he was a victim of fraud because the victim's sexual assault allegations against him were all untrue, and demonstrably so. He also alleges that the defendant denied him the right to proceed *pro se* with his criminal defense.

### *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. There is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Instead, a § 1983 claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is cannot proceed under § 1983 until the § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case, three of the plaintiff's claims must be dismissed under the *Heck* doctrine: that he is actually innocent of the crime for which he has been convicted, and that he was denied the right to proceed *pro se* with his criminal defense, and that the defendants coerced his confession. These claims for damages against the defendant in this case would necessarily draw into question the validity of Ivey's conviction and sentence. Therefore, Ivey must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. He has made no such showing; therefore, the undersigned respectfully recommends that these two claims be dismissed under *Heck v. Humphrey, supra*.

### Inadequate Law Library

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169

F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). In this case, the plaintiff had access to the court's through his court-appointed counsel – and thus had no need of access to a prison law library. *Mann v. Smith*, 796 F.2d 79 (5th Cir. 1986). As such, this claim should be dismissed for failure to state a constitutional claim.

### Those Released on Bond Proceeded to Trial in Less Time than Those Held Without Bond

Milford Ivey, who was held without bond until he pled guilty, alleges that he proceeded toward trial more slowly than other criminal defendants who were released on bond pending trial. He appears to be advancing an equal protection claim, but this allegation should also be dismissed. Put simply, the equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A state government can violate the Equal Protection Clause only by intentional discrimination. *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988).

"Discriminatory purpose . . . implies more than intent as violation or as awareness of consequences[.] . . . It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). To state a claim under the Equal Protection Clause, a plaintiff suing under 42 U.S.C. § 1983 must allege that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999). The court can find no authority to support the plaintiff's contention that criminal defendants who are denied bond represent a protected class for equal protection purposes, and the plaintiff has offered none. For this reason, the plaintiff's Equal Protection claim should be dismissed for failure to state a claim upon which relief could be granted.

## Inadequate Opportunity to Exercise

The plaintiff claims that the defendants afforded him only about an hour per week of time to exercise outdoors during his twenty-one month incarceration at the Tishomingo County Jail, although he did get to exercise outdoors several hours per week sometimes during his incarceration at the jail. In addition, pretrial detainees "may not be continuously incarcerated in an institution designed to punish, where outdoor recreation is reasonably possible. This does not reach so far as to hold that every pretrial detainee in every jail is automatically entitled as a matter of constitutional right to outdoor exercise." *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979). The plaintiff has not alleged that he suffered any harm from this limited access to outdoor activity.

Prison officials need only provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the undersigned concludes that the plaintiff's claims regarding outdoor exercise do not rise to the level of a constitutional violation. As he did get opportunities each week to exercise, he has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. As such, his claim regarding lack of sufficient opportunity to exercise outdoors should be dismissed for failure to state a constitutional claim.

**Denial of Adequate Medical Care**

Milford Ivey had many medical problems during his stay at the Tishomingo County Jail, and he received treatment for most of them. He underwent procedures to remove his appendix and gall bladder. He was also treated for heart problems. The defendants ensured Ivey received treatment, but the jail would not cover the costs. However, when the Corinth Hospital examined Ivey, the doctors there stated that stents were necessary to relieve Ivey's arterial blockage. The defendants again would not pay, however, and the hospital would not perform the procedure without guarantee of payment. Ivey did not receive the stents until he pled guilty and underwent treatment after he entered the custody of the Mississippi Department of Corrections.

Incarcerated persons have the right to receive adequate medical treatment. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . .

whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000).

Prison officials must ensure that inmates receive adequate medical care, but there is no requirement that the jail or prison must pay for that medical care. As such, the plaintiff's claims

regarding ailments for which he received treatment should be dismissed for failure to state a constitutional claim. However, Ivey's claim that the defendants would not permit him to undergo the procedure to insert stents to relieve arterial blockage – or release him so that he could seek such treatment on his own – should proceed.

**Conclusion**

In sum, the undersigned recommends that all of the plaintiff's claims be dismissed – except his claim that the defendant would not permit him to undergo the procedure to insert stents to relieve arterial blockage or release him so that he could seek such treatment on his own. That claim will proceed.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14)

days of this date.  *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 15th day of November, 2010.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE