# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**MILFORD IVEY**                                                    **PLAINTIFF**

**vs.**                                          **CIVIL ACTION NO.:  1:10CV165-SA-DAS**

**TISHOMINGO COUNTY, MS**                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Milford Ivey, a Mississippi prisoner proceeding pro se, brings a lawsuit pursuant

to 42 U.S.C. § 1983 alleging that the Tishomingo County Jail violated his constitutional rights by

denying him medical treatment while he was housed there as a pretrial detainee.[1]  Defendant and

Plaintiff each have a motion for summary judgment pending before the Court, and both parties

have responded to the motion of the other.  Having fully considered the submissions of the

parties and the applicable law, the Court finds that Defendant's motion should be granted, and

this cause dismissed with prejudice, for the reasons that follow.

## Factual Background

On December 21, 2007, Plaintiff began a twenty-one month detention as a pretrial

detainee in the Tishomingo County Jail.[2]  While detained there, Plaintiff underwent procedures

to remove his gallbladder and appendix, was treated for staph infections on two occasions, and

---

[1] Plaintiff alleged several other constitutional violations, but those claims were dismissed
and the instant claim clarified after the Court held a hearing as set forth in *Spears v. McCotter*,
766 F.2d 179 (5th Cir. 1985) (*See* doc. nos. 12 and 26).

[2]  The Court notes that Plaintiff's complaint is one against Tishomingo County itself, as
Tishomingo County Jail is not a separate suable entity.  *See Turner v. Upton County*, 915 F.2d
133 (5th Cir. 1990); *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006) (holding that sheriff's
department is not a political subdivision for purposes of the Mississippi Tort Claims Act); *see*
Fed. R. Civ. P. 17(b) (capacity of entity to sue or be sued determined by State law).

received treatment for heart problems. He also received follow-up visits at the Iuka Family

Clinic. (*See* Def. MSJ, Ex B, C, D).

Sometime in 2008 or 2009, Plaintiff began to experience chest pain while housed at the

County Jail. (*See* Def.'s Mot. Summ. J, Ex. A, 35; *see also* Pl.'s Mot. Summ J., attached

records). County officers called an ambulance, and Plaintiff was transported to North

Mississippi Medical Center-Iuka, where he was treated for a heart attack. (*See* Def.'s Mot.

Summ. J., Ex. A, 34). He was then treated in the Intensive Care Unit ward of another hospital

for approximately a week before being released to the County and prescribed a daily medication

regimen. (*See id.* at 35). He later had to be transported to NMMC-Iuka for chest pain, and that

hospital transported him to a hospital in Corinth, which the Court presumes to be Magnolia

Regional Health Center.[3] (*Id.*). At the Corinth hospital, he alleges, he was told that he needed a

heart stent inserted to relieve arterial blockage, but that he did not receive the necessary

treatment. He maintains that Deputy Don Kirk gave a hospital nurse the telephone number to the

Sheriff's Department, and that she left the hospital room to place a call to the Department. (*Id.*).

He alleges that once the nurse returned, she stated that Plaintiff was ready to return to jail. (*Id.* at

39)

On September 23, 2009, Plaintiff pleaded guilty to charges of sexual battery and

fondling and was transported to the Central Mississippi Correctional Facility in Pearl,

Mississippi. On April 16, 2010, after he was in the custody of the Mississippi Department of

---

[3] The Court is uncertain when the events about which Plaintiff is aggrieved occurred. Based upon the totality of the medical records filed in the case, it would appear that Plaintiff was treated at the Magnolia Regional Health Center in Corinth, Mississippi, in March 2009. (*See* doc. entry no. 46).

Corrections, he received a heart catheterization. Plaintiff then filed the instant lawsuit alleging that the heart procedure would have been performed earlier if Tishomingo County had agreed to pay the bill, and that he now suffers great pain and is facing open-heart surgery because of Defendant's refusal to provide treatment. (Pl.'s Resp. to Mot. Summ. J., 5, 8).

## Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Denial of Medical Care

A pretrial detainee's claim that he was denied medical care in violation of the Constitution requires him to prove that jail officials were "deliberately indifferent" to his

3

"serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).[4]  The test for

establishing deliberate indifference is one of "subjective recklessness as used in the criminal

law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Under this standard, § 1983 liability will

not attach to a state actor unless the plaintiff alleges facts which, if true, would establish that the

official "knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 838.

Negligent medical treatment does not provide a basis for a § 1983 claim.  *See Williams v. Treen*,

671 F.2d 892, 901 (5th Cir. 1982).

Plaintiff's testimony fails to demonstrate that Tishomingo County Jail willfully withheld

medical treatment from him.  The undisputed evidence in this case demonstrates that Defendant

secured medical care for Plaintiff on numerous occasions.  (*See* doc. entry no. 23, p. 10-11).

Plaintiff acknowledges that his gallbladder and appendix were removed while in Defendant's

care, that he was treated twice for a staph infection while in Defendant's care, and that jail

personnel called an ambulance and transported him for treatment on more than one occasion

when he began experiencing chest pain.  (*See* Pl.'s Dep. 30-31, 33-35).  Plaintiff has testified

that he is not aware of the contents of the conversation that occurred between the nurse at the

Corinth hospital and whomever she spoke to at the Sheriff's Department.  (*Id*. at 61-62).  He

concedes that he was released from the hospital by a doctor's order, and he admits that it is only

his speculation that the heart procedure was not performed because of Tishomingo County Jail's

refusal to pay for the procedure.  (*Id*. at 41-42).

---

[4] As a pretrial detainee, the Fourteenth Amendment, rather than the Eighth Amendment, is applicable to Plaintiff's claims, but the same deliberate indifference standard applies.  *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996); *see also Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000).

Additionally, the medical records Plaintiff submitted in support of his motion for summary judgment do not support his claim. The records from Magnolia Regional Health Center in Corinth that were submitted along with Plaintiff's motion for summary judgment state that Plaintiff was admitted with chest pain on March 15, 2009. (*See* Pl.'s Mot. Summ. J.). The records show that Plaintiff was observed overnight and then underwent an exercise stress test, which was "stopped secondary to shortness of breath." (*Id.*). There was "no recurrence of chest pain" during the stress test. (*Id.*). The medical conclusion from the hospital course was that he was "at low risk" and would be discharged. (*Id.*). The discharge instructions recommended that he continue his medications and advised to return if his chest pain reoccurred. (*Id.*).

The evidence in this case demonstrates that Plaintiff received treatment for his chest pains, and there has been no evidence presented that he was advised of a course of treatment that he did not receive while in the care of the Tishomingo County Jail. Plaintiff's allegations are insufficient to demonstrate that the County had actual subjective knowledge of a risk to which it was indifferent. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648-49 (5th Cir. 1996). Plaintiff's disagreement with the care he received does not state a constitutional claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Moreover, because Plaintiff's suit is against a governmental entity and not an individually-named defendant, liability attaches only where Plaintiff shows that it was the execution of a policy or custom of Tishomingo County Jail that was "the moving force of the constitutional violation." *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff testified that he could not identify a policy of the Tishomingo County Jail that led to denial of medical care he alleges. (*See* Pl. Dep. at 62-63). For the foregoing reasons, Defendant is

entitled to judgment as a matter of law.

## Conclusion

The Court finds that Defendant's motion for summary judgment (docket entry no. 37) should be **GRANTED**, and this action be **DISMISSED WITH PREJUDICE**. All pending motions are dismissed as moot. A final judgment in accordance with this opinion and order will issue this day.

**SO ORDERED** this the 22nd day of August, 2012.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**

.